IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **JENNY THOMAS,** ) | |
| ) | |
| ) | **CIVIL ACTION NO:** |
| **Plaintiff,** ) | |
| v.                    ) | **JURY TRIAL DEMANDED** |
| ) | |
| **SENTARA MEDICAL GROUP** ) | |
| ) | |
| **Serve: CT Corporation System** ) | |
| **4701 Cox Rd Ste 285** ) | |
| **Glen Allen, VA 23060-6808** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

Plaintiff, Jenny Thomas ("Thomas" or "Plaintiff"), by counsel, brings this action against Defendant Sentara Medical Group ("Sentara" or "Defendant") for damages and alleges as follows:

## THE PARTIES

1. Plaintiff Thomas is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the town of Suffolk, Virginia.

2. Defendant Sentara is a Virginia corporation conducting business in the Commonwealth of Virginia.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5.

4. Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Prior to instituting this suit, Thomas timely filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on March 10, 2020.  A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A".

6. The EEOC failed to resolve the claim and issued a right-to-sue letter dated January 28, 2021.  A true and correct copy of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibit "B".  Thomas received the right to sue letter on January 31, 2021.  Plaintiff has filed his complaint within 90 days from the date she received her notice authorizing the right to bring this action.

## STATEMENT OF FACTS

7. Plaintiff Thomas is a black female.

8. Thomas began employment with Defendant's Vascular Specialists group on February 4, 2019, as a Patient Care Representative ("PCR").

9. As a PCR, Thomas was responsible for checking-in patients, copying insurance cards, collecting co-pays, and checking-out patients.

10. During her first several months of employment Thomas proved herself a valuable and hardworking employee.

11. Thomas' immediate supervisor, Tamera Hartman ("Hartman"), Team Coordinator and Manager, was among the many who congratulated Thomas in writing for her outstanding attitude and work product.  Hartman is a white female.

12. Unfortunately, Thomas' coworkers were not as impressed or appreciative. During Thomas' first six months of employment, she was forced to endure a hostile work environment where her white coworkers were continually trying to get Thomas in trouble with her supervisor and/or ostracizing her – precluding her from numerous work-related social activities.

13. Thomas was the only black employee working at the sites she was assigned to work for the first six months of her employment.

14. The staff at each location Thomas visited would tease and berate her about living in and being from Suffolk, Virginia. Thomas' coworkers routinely joked about both Thomas and Sentara's patients from Suffolk being "ghetto" or "uncivilized." These jokes and demeaning remarks towards Thomas made her feel isolated and alone as the lone black employee. For instance, Thomas' coworkers would enjoy lunch together; only after completing lunch would they then offer her left-over, uneaten portions of their ordered-in lunches.

15. Thomas told Hartman she felt alone and isolated. Thomas further told Hartman she felt the disrespect was based on race. Hartman was unable or unwilling to address matters with Thomas' white coworkers.

16. On August 7, 2019, Thomas emailed John R. Zettlemoyer, Sentara's Director of Operations ("Zettlemoyer"): "I really do not want to email you about this, but I feel as if I have no choice. I have followed my chain of command and have recently spoken with Tammi about this (and on previous occasions). I feel that I am constantly in a hostile environment." Thomas further informed Zettlemoyer that her coworkers were continually nitpicking her and making her feel "uneasy and uncomfortable daily." Thomas also complained of feeling "disrespected and disregarded."

17. Prior to emailing Zettlemoyer, Thomas exchanged emails with Courtney Hart, General Surgery Practice Manager, about the subject. Hart encouraged Thomas to email Zettlemoyer and told Thomas she was "an AWESOME employee" who had "done everything within [her] power to address this."

18. Within the hour, Zettlemoyer responded, in pertinent part: "Hi Jenny, Wow, that is a lot for you to bring home on a daily basis… I am including Brittany in this conversation, because I truly do not want to lose you as an employee. . . ." Brittany Diza ("Diaz") was Defendant's Practice Manager.

19. About one week after emailing Zettlemoyer, Hartman spoke with Thomas about her feeling isolated and disrespected. The two discussed Thomas possibly looking for work elsewhere.

20. Unfortunately, nothing changed for Thomas. Her coworkers continued to bully and disrespect her.

21. Thomas' coworkers joked about her having a "white name", "Jenny." At one point Hartman told Thomas when she first heard they hired a "Jenny Thomas" she assumed it was going to be a "big fat sloppy white girl." They also repeatedly lied to Hartman about Thomas making mistakes and not properly treating patients.

22. On October 14, 2019, again emailed Zettlemoyer telling him that she had "reached [her] breaking point." Thomas also told Zettlemoyer that she had previously "reached out to HR" and was "going to follow up with them…" Thomas also expressed frustration that her manager, Hartman, "has not helped letting this get out of control." Thomas specifically mentioned race as being a motivating factor in the hostile work environment she was experiencing.

23. Almost immediately after Thomas' October 2019 complaint to management regarding what she perceived to be a racially hostile work environment, her supervisor, Hartman, began to manufacture write-ups for and create a record of unsatisfactory work from Thomas.

24. On February 12, 2020, Hartman fired Thomas claiming allegegly she failed to comply with Defendant's integrity standards.  In truth, Thomas had not violated such standards but was not given an opportunity to demonstrate her innocence.

**COUNT I**
**Retaliation in Violation of Title VII**
(42 USC 2000e *et seq.*)

25. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

26. Defendant intentionally discriminated against Plaintiff, who is black and asserted her rights under federal law by complaining of racial discrimination in the workplace.

27. Defendant adversely affected Plaintiff's employment assignments and opportunities as retaliation for Plaintiff's complaints of racial discrimination and a hostile work environment.

28. Defendants' conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

29. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

30. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses.

31. Due to the severity of Defendant's conduct, Plaintiff is also entitled to punitive damages.

## COUNT II
**Retaliation in Violations of Section 1981**
(42 U.S.C. § 1981)

32. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

33. Defendant intentionally discriminated against Plaintiff, who is black and asserted her rights under federal law by complaining of racial discrimination in the workplace.

34. Defendant adversely affected Plaintiff's employment assignments and opportunities as retaliation for Plaintiff's complaints of racial discrimination and a hostile work environment.

35. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his statutory rights and other consequential damages.

36. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and statutory and common law rights of Plaintiff.

### JURY DEMAND

**Plaintiff demands a jury trial.**

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jenny Thomas, prays for entry of judgment in favor of Plaintiff and against Defendant Sentara Healthcare d/b/a Sentara Medical Group, in the form of the following relief:

a. Back Pay;

b. Front Pay;

c. Compensatory Damages;

d. Punitive Damages;

e. Attorneys' fees and court costs associated with this suit; and

f. Other such relief as may be appropriate to effectuate the purpose of justice.

Date: April 21, 2021                    Respectfully submitted,

                                        JENNY THOMAS

                                        __/s/__Todd M. Gaynor_____
                                        Todd M. Gaynor, Esquire
                                        Virginia Bar No.: 47742
                                        GAYNOR LAW CENTER, P.C.
                                        440 Monticello Avenue, Suite 1800
                                        Norfolk, Virginia 23510
                                        PH: (757) 828-3739
                                        FX: (75) 257-3674
                                        EM: tgaynor@gaynorlawcenter.com

                                        *Counsel for Plaintiff*